## ORPHANS' COURT OF BALTIMORE CITY

Filed September 4, 1894.

IN THE MATTER OF THE ESTATE . OF JOHN H. VONDERHORST, DECEASED.

*Geo. R. Willis, Francis T Homer* and *C. H. Homer, Jr.,* for petitioner.

*Thos. R. Clendinen* and *Edward C. Carrington* for respondents.

Argued before LINDSAY, C. J., and GANS and EDWARDS, JJ.

Opinion by GANS, J., in which LINDSAY, C. J., concurs.

cient.

GANS, J.—

This is a case in which Lena V. Wilkins, a legatee under the will of John H. Vonderhorst, by her next friend and husband, Henry E. Wilkins, charges Henry R. and John H. Vonderhorst, sons of the testator and executors under the will of their father, with conspiring together to deprive her of her property and rights under said will, and prays that for this reason they may be adjudged to be disqualified to administer the estate, and that two other persons, properly qualified, may be appointed administrators c. t. a., who will faithfully protect her interest under the will.

The executors have duly answered the charge and declare the same to be entirely baseless and untrue.

While the application for the letters was made by both of the above named sons jointly, and the order granting

them to both jointly was passed, Henry R. has since renounced his rights to administer, which leaves John H., in the order and the will, the sole executor, who stands ready to qualify and administer the estate.

The testator has exempted them from giving the ordinary full bond.

Though the trial of the case was lengthy, we think the Court will be justified in rendering a comparatively brief opinion.

The question is: Shall John H. Vonderhorst, the remaining executor in the will, be allowed to qualify as such executor?

His right, as a son, to administer his father's estate is clear and incontestable, unless there exists some legal disqualification. The only disqualification suggested is that of conspiring to defeat the will.

We have carefully examined the testimony in the case to ascertain whether this charge has been proved, although we do not think this to have been necessary, and we have come to the conclusion that it has not been established.

This being the opinion of the Court, we might rest the case at this point, and dismiss the petition; but we prefer to go a step further, and say that, even if the charge of conspiracy were fully established by the witnesses, it would not follow, in our opinion, that the applying executor is, for this reason, disqualified to administer the estate.

Before the right of the son to administer the estate of his father can be overcome or set aside there must be found a statute by which, in express words, he is declared to be disqualified. Does a statute exist in this State which makes a conspiracy a disqualification to administer an estate?

Let us look for a moment at the statute fixing disqualifications in reference to administration in this State. It is the Act of 1798, modified by that of 1860, and found in the Code, Art. 93, and embraces Sections 52 to 59, inclusive.

The causes for disqualification, as mentioned in Sec. 52, are four, as follows: First. To be under the age of eighteen years. Second. Of unsound mind, incapable, according to law, of making a contract. Third. A convict of a crime rendering him infamous according to law; and, Fourth. An alien who may be appointed an executor in a will. And the section concludes by saying of these: "That letters testamentary, or of administration (as the case may require), may. be granted in the same manner as if such person had not been named in the will." The other sections speak only of the manner of proof in the several cases.

Now, in which of these cases, if in any, is *conspiracy* mentioned or implied, as a reason why the Court may (shall) grant letters as if such person were not mentioned in the will, or was disqualified? Evidently, it must be in the third case enumerated above, for as to the rest such mention or suspicion of it could not be imagined.

It will be here noticed that, if, conspiracy is in some way comprehended in this third point, the statute requires (1) a "conviction" of crime, and (2) that the crime be "infamous according to law." In the case of conspiracy charged in the petition there is no "conviction," and if there were, it would not be "infamous according to law." Can it therefore be conceived, on any true principle of construction, that conspiracy is the thing lying in, and meant by, this statute? We can't think so; the statute, in its history, and form and technical wording, well as upon its face, clearly indicates something else, and very different from conspiracy. But if it is not in this part of the statute, then it is manifestly not there at all; and this is the deliberate conclusion to which we have come. Now, if this be true (and we have no doubt of it) then, clearly, it follows that however fully it may be proved the conspiracy not being in the disqualifying statute, it cannot itself be disqualifying. The right of the executor must, therefore, continue to stand entirely unaffected.

We may also say just here that mere threatened misconduct on the part of the executor named in the will is not a disqualification, though actual misconduct may be a cause of removal.

As to the protection prayed for by the petitioner, we can only say that she, as legatee, already possesses all the safe guards which the law has provided, and which are enjoyed by other legatees. First, the nominal bond which the executor is allowed to give because of the exemption by the testator may, on proper showing or proof touching the necessity of it, be increased; and, second, the legatee may be made a party defendant in case the will should be caveated; and having all the pro-

tection which the law has provided, the Court can grant, and the legatee can require, no more.

Our opinion then, in brief, is that the charge of conspiracy is not proved, and if it were, not being in the disqualifying statute, it cannot work a disqualification in the executor, and that for this reason the Court has no power to take from his vested right to administer and give it to another, or others, simply because it is feared that if he is allowed to qualify he might commit some unlawful act.

—Ordered and decreed this 4th day of September, 1894, that the petition be, and the same is, hereby dismissed with costs.